## NATIONAL LIFE & ACCIDENT INS. CO. v. HENSON.

Eastern Section. January —, 1932.

Petition for Certiorari denied by Supreme Court, August —, 1932.

Sells, Simmonds & Bowman, of Johnson City, for plaintiff in error.
Price & Cantor, of Johnson City, for defendant in error.

SNODGRASS, J. This cause was heard before the judge and a jury after it came into the circuit court by appeal from the justice's court, with the results indicated. After its motion for a new trial was made and overruled, defendant perfected the appeal which it made to this court and, as plaintiff in error, makes but one assignment as follows:

"The Court erred in overruling the fourth ground of the Insurance

Company's motion for a new trial, which is in the following words and figures:

"4. The Court erred in overruling defendant's motion for a directed verdict, made at the close of the plaintiff's evidence and renewed at the close of all the evidence."

The warrant (omitting caption, date, and signature), presenting plaintiff's cause of action, is as follows:

"You are hereby commanded to summon the National Life and Accident Insurance Company, a corporation, to personally appear before me or some other acting Justice of the Peace for said county to answer the complaint of W. C. Henson in an action to his damage of $125.00 principal and $31.25 penalty, total $156.25 for this: The defendant, the National Life and Accident Insurance Company, a corporation, contracted, agreed, and bound itself in writing, which writing is here to the court shown, for a stipulated consideration paid and to be paid by the plaintiff, which payments were duly and regularly made according to contract, to pay the plaintiff the sum of $125.00 upon his becoming totally and permanently disabled and incapacitated, from and on account of paralysis, to engage in any work or occupation, whatever, for wages or profit, during the life of said contract.

"Plaintiff had fallen within the terms and conditions of the agreement and contract, before the commencement of this action and is so permanently incapacitated by paralysis; and defendant has breached its said contract wilfully and without reasonable excuse, and in bad faith has refused to pay him.

"Wherefore he brings this action for the principal sum of $125.00 and 25% penalty in $156.25."

The jury found against the defendant below only in the principal sum, eliminating the penalty.

The policy filed in the record was not denied. Neither was there any other question made other than that the clause sued under did not cover the case made by the proof and that therefore there is no proof to support the verdict.

The insurance policy is a health and accident policy which evidences many conditions under which benefits might be drawn and it appears that the plaintiff had been receiving certain benefits for a certain character of disability but claiming himself to be entitled under the insurance contract to receive further and additional sums brought this action under a certain clause of the policy denominated "For Paralysis," which reads as follows:

"Section M. If such injury shall not result in any loss enumerated in Section A, but shall, independently of any and all other causes and within ninety days from the date of the accident, or, if such sickness shall not result in death, but shall, independently of any

and all other causes and within twenty-six weeks from the date of the contraction and beginning of the sickness, be the direct and sole producing cause of permanent paralysis, whereby the insured shall be totally disabled, as defined in this policy, for a period of six consecutive months from the date of the beginning of such paralysis, and, if within three months after the expiration of such period, the insured shall be declared by competent medical authority (satisfactory to the Company) to be permanently paralyzed and by reason of such paralysis to be totally and permanently unable to engage in any work or occupation whatsoever for wages or profit, then and in that case, the Company will pay the insured, in addition to the weekly indemnity otherwise payable under this Policy an amount equal to one-fourth of the Principal Sum.

"Such payment shall terminate this policy."

With reference to this clause, appellants' insistence is that:

"The proof shows that Mr. Henson is not suffering from ordinary paralysis, but has been afflicted with a malady, commonly called Jake Leg, caused by drinking a poisonous intoxicant known as Jamaica Ginger;" that

"The sickness began in March, 1930, and from that date until September, 1930, Mr. Henson could not move out of his chair;" that

"Nine months after he was taken sick, he started improving and got so he could walk with the use of two crutches;" that

"He used the two crutches several months, and then started walking with a crutch and a cane;" that

"Later he discarded the second crutch, and at the time this case was tried he was walking with the aid of one cane;" that

"Mr. Henson has made such marked improvement that he now walks from a mile and a half to two miles per day;" that

"He walked to the third floor of the Court House to attend Court at the time this case was tried below;" that

"The Insurance Company paid Mr. Henson the sickness benefits set out in Section 8 of the policy, to-wit: $8.00 per week for twenty-six weeks."

We find that the proof so establishes and further that only two physicians were examined, neither of whom have declared the insured "permanently paralyzed and by reason of such paralysis to be totally and permanently unable to engage in any work or occupation whatsoever for wages or profit;" which is essential, we think, and by at least one competent physician must so appear as a precedent to liability under the clause above quoted.

While we do not hold that, under the phrase "satisfactory to the Company," plaintiff might reject as unsatisfactory any such testimony by a competent physician, we do hold that as a part of the testimony establishing the fact of a liability under the clause sued on

and hereinbefore quoted, there must be evidence of at least one competent physician testifying as therein indicated. This being lacking, the proof is fatally defective as we think that as a condition precedent to such a liability the insurance had the right to contract for the sanctioning opinion of at least one medical expert. The trend of the testimony of the physicians examined rather indicates a recovery of the patient through nature's agency if properly allowed to operate.

The court should have directed a verdict for the defendant. The assignment is therefore sustained, the judgment reversed, and the cause dismissed at the cost of defendant in error.

Portrum and Thompson, JJ., concur.